```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MONARCH ENVIRONMENTAL, INC., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-03041 (JBS-AMD) |
| v. | <u>**OPINION**</u> |
| VELOCITOR SOLUTIONS, et al., | |
| Defendants. | |

APPEARANCES:

Colin G. Bell, Esq.
HANKIN SANDMAN & PALLADINO
30 South New York Avenue
Atlantic City, NJ 08401
    Counsel for Plaintiff

Jonathan I. Rabinowitz
RABINOWITZ, LUBETKIN & TULLY, LLC
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
    Counsel for Defendants

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

    Plaintiff Monarch Environmental, Inc. ("Monarch"), a Delaware corporation, with its principal place of business and citizenship in New Jersey, filed this action against Defendant Velocitor Solutions ("Defendant"),[1] a business entity with its

---

[1] Plaintiff's Complaint also names various unidentified ABC Partnerships 1-5, DEF Partnerships 1-5, and GHI Limited Liability Companies 1-5 entities as defendants.

principal place of business and citizenship in North Carolina, alleging breach of contract, unjust enrichment, violation of the New Jersey Consumer Fraud Act ("CFA"), violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), and declaratory judgment. Presently before the Court is Defendant Velocitor's motion [Docket Item 15] to transfer venue from this Court to the Western District of North Carolina, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court will deny Defendant's motion.

**II.   BACKGROUND**

Plaintiff, engaged in the business of servicing oil tanks, entered into negotiations with Defendant regarding software and equipment that would allow Plaintiff's employees to communicate more efficiently with customers and relay information to Plaintiff's headquarters. (Compl. ¶¶ 8-12.) During the negotiations, Maureen Spaziani, Plaintiff's then vice-president, was Defendant's main contact. (Def.'s Br. in Supp. of Mot. to Transfer 11); (Pl's Br. in Opp. to Def.'s Mot. to Transfer 2-3, 13). During June 2008, the parties entered into an agreement. (Compl. ¶ 14.) Defendant sent a proposed agreement to Plaintiff. (Compl. ¶ 13.) Ms. Spaziani signed the agreement and returned it to Defendant, who in turn, executed the agreement. (Def.'s Br. in Supp. of Mot. to Transfer 2).

This lawsuit arises out of Plaintiff's allegations that Defendants improperly "double billed" Plaintiff, breached their contract with Plaintiff by deactivating the software, rendering the equipment useless, and failed to deliver further equipment as the agreement provides. (Compl. ¶¶ 19-21.) Defendant believes that this lawsuit should be transferred to the Western District of North Carolina due to the "parties' contractual choice of a North Carolina forum and [the agreement's] selection of North Carolina as the governing law." (Def.'s Br. in Supp. of Mot. to Transfer 14).

## III. DISCUSSION

### A. Section 1404(a) Standard

Under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court of Appeals has directed courts, in addition to the three enumerated factors in § 1404(a), to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citations omitted). Thus, "[c]ourts ruling on § 1404(a) motions have accordingly taken into account a

wide range of public and private interests in determining whether a transfer is appropriate." Yocham v. Novartis Pharm. Corp., 565 F. Supp. 2d 554, 557 (D.N.J. 2008).

The Jumara court identified several private interests courts should consider:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara, 55 F.3d at 879 (citations omitted). Among the public interests courts should consider are:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted). "It is well-settled that the burden on a § 1404(a) motion must be borne by the party seeking to transfer the case, and that 'the motion must not be lightly granted.'" Yocham, 565 F. Supp. 2d at 557 (quoting Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848); see also Shutte v. Armco

Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). "[T]he plaintiff's choice of forum will not be disturbed unless the balance of interest tilts strongly in favor of a transfer." Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1057 (E.D. Pa. 2001) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

### B. Application of Section 1404(a) to this Case

In support of its motion, Defendant argues that this case should be transferred to the Western District of North Carolina because "the existence of a valid forum selection clause" and the private and public interest factors weigh in favor of such a transfer. (Def.'s Br. in Supp. of Mot. to Transfer 2). As the Court explains below, it finds that the private and public interests in this case do not weigh strongly in favor of transferring, and that Defendant's motion should thus be denied.

#### 1. Private Interest Considerations

First, the Court finds that the private interest considerations in this case do not weigh strongly in favor of transferring to the Western District of North Carolina.

##### a. Plaintiff's Choice of Forum

The first private factor, the plaintiff's choice of forum, is entitled to great deference and "is a paramount consideration

which should not be lightly overruled," especially when the plaintiff chooses his or her home forum. Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998); Shutte, 431 F.2d at 25. As Plaintiff has chosen this District as the forum, which is Plaintiff's home forum, this factor weighs heavily against transfer.

        b.    Forum Selection Clause

However, this "strong presumption" in favor of Plaintiff's choice "is not dispositive." Id. at 25. Parties' "private expression of their venue preferences" in the form of a forum selection clause should also be given "substantial consideration." Jumara, 55 F.3d at 880. A forum selection clause can be "mandatory or permissive." Sahara Sam's Oasis, LLC v. Adams Co., Inc., Civ. No. 10-0881, 2010 WL 3199886, at *5 (D.N.J. Aug. 12, 2010). "A permissive forum selection clause constitutes consent by the parties to jurisdiction in a particular forum, while a mandatory one establishes the particular forum as the exclusive venue for litigating disputes that arise under the contract." Id. at *5 (citing Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 n.7 (3d Cir. 1973)). This District has held that nonexclusive (i.e. permissive) forum selection clauses have a less determinative effect than mandatory clauses. Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, Civ. No.

05-2309, 2006 WL 1675067, at *2-3, (D.N.J. June 15, 2006).[2] Nevertheless, "a permissive forum selection clause is a factor considered in § 1404(a) motions," regardless of its "exact weight." Travelodge Hotels, Inc., 2007 WL 2156367, at *20.

Plaintiff and Defendant's agreement provides, in pertinent part:

> This Agreement shall be governed by, performed under and construed in accordance with the commercial laws, but not the conflict of laws provisions, of the state of North Carolina. The Parties Consent to the nonexclusive jurisdiction of, and venue in, any federal or state court of competent jurisdiction located in North Carolina for the purposes of adjudicating any matter arising out of or relating to this Agreement.

(Def.'s Br. in Supp. of Mot. to Transfer Ex. A at 7) (emphasis added). Plaintiff argues that Defendant anticipated "the possibility of litigating in New Jersey" by only providing a permissive/nonexclusive forum selection clause, and thus, Defendant's preference and the agreement's nonexclusive forum selection clause carry little weight. (Pl's Br. in Opp. to Def.'s Mot. to Transfer 11). Conversely, Defendant asserts that the

---

[2] However, "[c]ourts are in disagreement over whether permissive forum selection clauses are subject to less consideration than mandatory ones when determining whether to transfer under § 1404(a)." Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC, Civ. No. 06-3543, 2007 WL 2156367, at *7 (D.N.J. July 25, 2007). Compare Haagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 125 (S.D.N.Y. 1995) ("permissive nature of the forum selection clause need not affect the weight it is given"), with Ramada Worldwide, Inc., 2006 WL 1675067, at *2 (nonexclusive forum selection clause "lessens its determinative effect").

nonexclusive forum selection clause "reflects the plaintiff's initial choice," and, when coupled with the fact that North Carolina law applies, favors transfer to North Carolina. (Def.'s Br. in Supp. of Mot. to Transfer 10, 14).

By its terms, the agreement contains a permissive forum selection clause and lacks any mandatory language. Either way, "the existence of a forum selection clause, whether permissive or mandatory, [does] weigh[] in favor of transfer." Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V., Civ. No. 07-273, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007). The "absence of a mandat[ory] forum" selection clause though, "suggests that other factors may make another forum more convenient or appropriate." De Lage Landen Fin. Servs., Inc. v. Elite Tech. (N.Y.), Inc., Civ. No. 09-1538, 2009 WL 3152163, at *3 (E.D. Pa. Sept. 30, 2009); see also Lucent Tech. Inc. v. Dicon Fiberoptics, Inc., Civ. No. 05-2534, 2006 WL 2290522, at *3 (D.N.J. Aug. 8, 2006) (noting that a permissive "forum selection clause, while deserving [of] some weight, is not entitled to great deference and does not bar transfer).

Thus, the presence of the nonexclusive/permissive forum selection clause in the Monarch-Velocitor agreement favors transfer to North Carolina.

                c.   Where the Claim Arose

Important to a § 1404(a) analysis is where "the operative

facts occurred." Days Inn Worldwide, Inc. v. Inv. Prop. of Brooklyn Ctr., LLC, Civ. No.08-390, 2009 WL 3153277, at *4 (D.N.J. Sept. 25, 2009). "[T]he location of the events . . . that give rise to" a substantial part of the claim should be evaluated. Cottman Transmission Sys. Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). A breach of contract claim arises "at the place of performance of the contract . . . [i.e.] where the alleged non-conforming goods were manufactured, not their place of destination." E.E. Cruz & Co., Inc. v. Alufab, Inc., Civ. No. 06-262, 2006 WL 1344095, at *6 (D.N.J. May 16, 2006) (citing Thorlabs, Inc. v. Townsend Commc'n, LLC, Civ. No. 03-4550, 2004 WL 1630488, at *4 (D.N.J. June 30, 2004)).

Plaintiff argues that its claims arose in New Jersey, making transfer to North Carolina improper. Plaintiff asserts that, among other things, its claims arose when Defendant did not deliver the equipment specified under the contract to Plaintiff's facility in New Jersey, as well as, when Defendant delivered false invoices to New Jersey. However, under Cottman and E.E. Cruz & Co., these allegations favor transfer; the claim in this case arose where the equipment was manufactured and the place of performance of the contract, both of which were North Carolina. Thus, this factor favors transfer.

        d.   Convenience of the Parties and Witnesses

Nonetheless, Defendant has not shown that the convenience of

the parties and witnesses "strongly" weigh in favor of transfer. Sandvik, Inc. v. Cont'l Ins. Co., 724 F. Supp. 303, 304 (D.N.J. 1989). A substantial private interest consideration weighs against transfer; "[c]ompulsory process over potential witnesses is perhaps the single most important factor in a 1404(a) analysis." Newhall v. Chase Home Fin. LLC, Civ. No. 10-2749, 2010 WL 4387517, at *5 (D.N.J. Oct. 28, 2010); see also In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998). "The law is clear: 'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" Marek v. Schneider Nat., Inc., Civ. No. 08-2193, 2008 WL 3887613, at *3 (D.N.J. Aug. 18, 2008) (emphasis added) (quoting Shutte, 431 F.2d at 25). "Non-party witnesses . . . may be compelled to attend only by the subpoena power of federal courts;" however, Federal Rule of Civil Procedure 45(b)(2) limits "federal subpoena power to within 100 miles of the courthouse," where the witness is outside the district. Newhall, 2010 WL 4387517, at *5 (citing Fed.R.Civ.P. 45(b)(2)). "A forum's inability to reach [key] non-party witnesses outside of this radius is therefore an important factor weighing against transfer." Newhall, 2010 WL 4387517, at *5 (citing LG Elecs., Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590-91 (D.N.J. 2001)); see also Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) (noting

10

that "the amenability of at least seven crucial witnesses to compulsory process in North Carolina and not in New Jersey" weighed in favor of transfer). Furthermore, "[m]erely citing witnesses' residences and offices, without more, does not establish inconvenience or unavailability." Gonzales v. Supervalu Transp., Inc., Civ. No. 07-5437, 2008 WL 943018, at *3 (E.D. Pa. Apr. 3, 2008) (requiring "specific factual allegations" of witnesses' unavailability). The Marek court held that the "mere fact" a substantial part of claim — in Marek, a car accident — took place in the venue the defendant was seeking transfer to, was "insufficient to outweigh the factors set forth by Plaintiff: the fact that Plaintiff's treating physicians" were in New Jersey, "New Jersey [wa]s Plaintiff's choice of forum . . . [and] the [Plaintiffs'] financial hardship litigating in the Western District." Marek, 2008 WL 3887613, at *2. "The location of the parties likewise does not thwart litigating this action in New Jersey." Omega Fin. Servs., Inc. v. Innovia Estates & Mortg. Corp., Civ. No. 07-1470, 2007 WL 4322794, at *3 (D.N.J. Dec. 6, 2007) (citing DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 23-27 (2d Cir. 2002) (holding that venue in New York was proper despite the majority of witnesses and documents being located in Toronto, since modern travel is not prohibitively burdensome in terms of cost or time)).

Defendant's claim that a majority of its witnesses will be

11

inconvenienced because they must travel from North Carolina is insufficient to outweigh Plaintiff's private interests — Plaintiff's inability in North Carolina to subpoena a key witness for Plaintiff, Maureen Spaziani, its former vice-president who was terminated in early 2009. see Fed.R.Civ.P. 45(b)(2). Spaziani was the point person of the Monarch-Velocitor negotiations, and she executed the agreement. Spaziani lives within the vicinity of this District which is more than 100 miles from any district in North Carolina. Due to the nature of Spaziani's departure from employment with Plaintiff, the Court finds plausible Plaintiff's claim that her appearance as a witness will require a subpoena. Spaziani would likely be unavailable in North Carolina. Thus, the Court finds that this factor weighs heavily against transfer. See Newhall, 2010 WL 4387517, at *5.

    e. Location of Records

As Plaintiff points out, both parties maintain their respective books and records in their home states. Thus, the remaining private factor, "'location of books and records,'" does not "tip the scales in either direction" with regard to transfer. Yocham, 565 F. Supp. 2d at 559 (quoting Jumara, 55 F.3d at 879).

In summary, the Court finds on balance that § 1404(a)'s private interest considerations weigh against transferring the case.

   2. Public Interest Considerations

For similar reasons, the Court does not find that the considerations of the public interest weigh so strongly in favor of transfer as to warrant disturbing Plaintiff's choice of forum. A judgment in this case would be enforceable in both New Jersey and North Carolina. See Jumara, 55 F.3d at 879. Similarly, "the likelihood that parties, documents, and witnesses will have to be transported from one forum to another regardless of where this case is litigated means that 'practical considerations that could make the trial easy, expeditious, or inexpensive' do not favor either forum." Yocham, 565 F. Supp. at 559 (quoting Jumara, 55 F.3d at 879). Additionally, both parties acknowledge that there does not appear to be any conflict of laws that weigh for or against transfer.

The remaining public interest considerations could conceivably tip in Defendant's favor, but "they are plainly insufficient to meet the heavy burden a defendant bears when moving to disturb a plaintiff's choice of forum." Yocham, 565 F. Supp. 2d at 559. See Sandvik, 724 F. Supp. at 307 (citations omitted) ("requir[ing] something more than a mere preponderance of the evidence in favor of transfer"). Defendant suggests that court congestion favors transfer to North Carolina.[3] However,

---

[3] The median time from filing to disposition of a civil case is the most accurate predictor of how quickly the typical case moves through the court's docket, rather than the statistic measuring the median time from filing to trial, since trial occurs in so few instances. Both the District of New Jersey and

"although courts may consider calendar congestion in ruling upon a § 1404(a) motion, relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." Clark, 255 F. Supp. 2d at 339; see also Yocham, 565 F. Supp. at 560. Furthermore, while "'familiarity of the trial judge with the applicable state law,' is a consideration that could tip the balance in an otherwise close call, the Court notes that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." Id. (quoting Jumara, 55 F.3d at 880). Thus, this factor only slightly favors transfer. Similarly, although this Court acknowledges that North Carolina matters should be decided locally, Defendant has conducted business in New Jersey. See Granger v. REO Elite Abstract, Inc., Civ. No. 09-0511, 2010 WL 276207, at *3 (D.N.J. Jan. 15, 2010) (noting that conducting business in a forum other than where the claims arose is of some

---

the Western District of North Carolina enjoy prompt disposition times, namely 6.7 months for New Jersey and 6.2 months for the Western District. Administrative Office of the U.S. Courts, Judicial Business of the United States Courts, 2010 (available at www.uscourts.gov/cgi-bin). The present case is a typical example. Removed to this Court on May 25, 2011, the first Scheduling Conference was July 6, 2011, when a discovery deadline of December 1, 2011 was set, a discovery confidentiality order was put in place on August 24, 2011, and a settlement conference will be convened on October 26, 2011 before Magistrate Judge Ann M. Donio. If the case is not amicably resolved and counsel complete their factual discovery on the claims and counterclaims by December 1st, as ordered, there is no reason the case cannot be tried around the time of its first birthday in May, 2012.

significance).

As the foregoing discussion indicates, the public and private considerations identified in Jumara do not "tip the scale enough in Defendant['s] favor" to transfer. Granger, 2010 WL 276207, at *4. Balancing these considerations, and acknowledging that, "[u]nless the balance of inconvenience of the parties is strongly in favor of Defendant, [Plaintiff's] choice of forum should prevail," the Court finds that a transfer would not substantially improve the convenience of parties and witnesses, nor serve the interest of justice pursuant to 28 U.S.C. § 1404.

**IV. CONCLUSION**

For the reasons explained above, the Court finds that this case should not be transferred to the Western District of North Carolina, and will thus deny Defendant's motion. The accompanying Order will be entered.


**September 27, 2011**          **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 United States District Judge

15